1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  CLAUDIA A. WOOD,                    CIV. S-08-162 JAM GGH

12          Plaintiff,

13      v.                              STATUS (Pre-trial
                                        Scheduling) ORDER
14  TAHOE FOREST HOSPITAL DISTRICT,

15          Defendant.
    _____/

16

17      After review of the Joint Status Report, the court makes the

18  following order:

19                      SERVICE OF PROCESS

20      All parties defendant to this lawsuit have been served and

21  no further service will be permitted except with leave of court,

22  good cause having been shown.

23            JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

24      No further joinder of parties or amendments to pleadings is

25  permitted except with leave of court, good cause having been

26  shown.

                              1

1    <u>JURISDICTION AND VENUE</u>

2         Jurisdiction and venue are not contested.

3         <u>MOTION HEARINGS SCHEDULES</u>

4         All dispositive motions shall be filed by May 20, 2009.

5    Hearing on such motions shall be on June 17, 2009, at 9:00 a.m.

6         The time deadline for dispositive motions does not apply to

7    motions for continuances, temporary restraining orders or other

8    emergency applications.

9         **THE OPPOSITION AND REPLY MUST BE FILED BY 4:00 P.M. ON THE**

10   **DAY DUE.**

11        All purely legal issues are to be resolved by timely pre-

12   trial motions.  The parties are reminded that motions <u>in</u> <u>limine</u>

13   are procedural devices designed to address the admissibility of

14   evidence and are cautioned that the court will look with disfavor

15   upon substantive motions presented at the final pre-trial con-

16   ference or at trial in the guise of motions <u>in</u> <u>limine</u>.  The

17   parties are further cautioned that if any legal issue which

18   should have been tendered to the court by proper pre-trial motion

19   requires resolution by the court after the established law and

20   motion cut-off date, substantial sanctions may be assessed for

21   the failure to file the appropriate pre-trial motion.

22        The Court places no page limitations upon the length of the

23   parties' briefs; however, it is a rare motion that cannot be

24   persuasively and thoroughly argued in 20 pages or less.

25        <u>DISCOVERY</u>

26        All discovery shall be completed by April 20, 2009.  In this

2

1 context, "completed" means that all discovery shall have been
2 conducted so that all depositions have been taken and any
3 disputes relative to discovery shall have been resolved by
4 appropriate order if necessary and, where discovery has been
5 ordered, the order has been complied with.

6                    DISCLOSURE OF EXPERT WITNESSES

7      The parties shall make expert witness disclosures under
8 Fed. R. Civ. P. 26(a)(2) by March 16, 2009.  Supplemental
9 disclosure and disclosure of any rebuttal experts under
10 Fed. R. Civ. P. 26(a)(2)(C) shall be made by March 30, 2009.

11      Failure of a party to comply with the disclosure schedule as
12 set forth above in all likelihood will preclude that party from
13 calling the expert witness at the time of trial absent a showing
14 that the necessity for the witness could not have been reasonably
15 anticipated at the time the disclosures were ordered and that the
16 failure to make timely disclosure did not prejudice any other
17 party.  See Fed. R. Civ. P. 37(c).

18      All experts designated are to be fully prepared at the time
19 of designation to render an informed opinion, and give their
20 reasons therefore, so that they will be able to give full and
21 complete testimony at any deposition taken by the opposing
22 parties.  Experts will not be permitted to testify at the trial
23 as to any information gathered or evaluated, or opinion formed,
24 after deposition taken subsequent to designation.

25                    FINAL PRE-TRIAL CONFERENCE

26      The final pre-trial conference is set for July 24, 2009, at

                                  3

1 | 2:00 p.m.  In each instance an attorney who will try the case for
2 | a given party shall attend the final pretrial conference on
3 | behalf of that party; provided, however, that if by reason of
4 | illness or other unavoidable circumstance the trial attorney is
5 | unable to attend, the attorney who attends in place of the trial
6 | attorney shall have equal familiarity with the case and equal
7 | authorization to make commitments on behalf of the client.  All
8 | pro se parties must attend the pre-trial conference.

9 | Counsel for all parties and all pro se parties are to be
10 | fully prepared for trial at the time of the pre-trial conference,
11 | with no matters remaining to be accomplished except production of
12 | witnesses for oral testimony.  The parties shall file with the
13 | court, no later than seven days prior to the final pre-trial
14 | conference, a joint pre-trial statement.  **Also at the time of**
15 | **filing the Joint Pretrial Statement, counsel are requested to**
16 | **e-mail the Joint Pretrial Statement in WPD or Word format to**
17 | **Judge Mendez's assistant, Jane Pratt at:**
18 | **jpratt@caed.uscourts.gov.**

19 | Where the parties are unable to agree as to what legal or
20 | factual issues are properly before the court for trial, they
21 | should nevertheless list all issues asserted by any of the
22 | parties and indicate by appropriate footnotes the disputes
23 | concerning such issues.  The provisions of Local Rule 16-281
24 | shall, however, apply with respect to the matters to be included
25 | in the joint pre-trial statement.  Failure to comply with Local
26 | Rule 16-281, as modified herein, may be grounds for sanctions.

1    The parties are reminded that pursuant to Local Rule

2 16-281(b)(10) and (11) they are required to list in the final

3 pre-trial statement all witnesses and exhibits they propose to

4 offer at trial, no matter for what purpose.  These lists shall

5 not be contained in the body of the final pre-trial statement

6 itself, but shall be attached as separate documents so that the

7 court may attach them as an addendum to the final pre-trial

8 order.  The final pre-trial order will contain a stringent

9 standard for the offering at trial of witnesses and exhibits not

10 listed in the final pre-trial order, and the parties are

11 cautioned that the standard will be strictly applied.  On the

12 other hand, the listing of exhibits or witnesses that a party

13 does not intend to offer will be viewed as an abuse of the

14 court's processes.

15    The parties are also reminded that pursuant to Rule 16,

16 Fed. R. Civ. P., it will be their duty at the final pre-trial

17 conference to aid the court in: (a) formulation and

18 simplification of issues and the elimination of frivolous claims

19 or defenses; (b) settling of facts which should properly be

20 admitted; and (c) the avoidance of unnecessary proof and

21 cumulative evidence.  Counsel must cooperatively prepare the

22 joint pre-trial statement and participate in good faith at the

23 final pre-trial conference with these aims in mind.  A failure to

24 do so may result in the imposition of sanctions which may include

25 monetary sanctions, orders precluding proof, elimination of

26 claims or defenses, or such other sanctions as the court deems

5

appropriate.

TRIAL SETTING

Trial in this matter is set for August 31, 2009, at 9:00 a.m.  The parties estimate a trial length of approximately seven days.

SETTLEMENT CONFERENCE

No Settlement Conference is currently scheduled.  If the parties wish to have a settlement conference, one will be scheduled at the final pretrial conference or at an earlier time upon request of the parties.

OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

This Status Order will become final without further Order of Court unless objection is lodged within seven (7) days of the date of the filing of this Order.

IT IS SO ORDERED.

Dated:  May 7, 2008

                         /s/ John A. Mendez
                         HON. JOHN A. MENDEZ
                         United States District Judge